UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| J.M.S., by her father, | ) | |
| JEREMY W. SPENCER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Cause No. 1:11-cv-243-WTL-TAB |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| TRINA D. BECK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Cause No. 1:11-cv-1233-WTL-TAB |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER REGARDING EAJA FEE PETITIONS

In the course of reviewing counsel's EAJA fee petitions in the above-captioned causes, it came to the Court's attention that the supporting affidavits were identical in material respects. Questioning whether a clerical error had occurred, the Court ordered counsel to produce his time sheets, whether computer-generated or handwritten, reflecting time entries for work performed in the above-captioned causes. Counsel timely responded, as follows:

> Plaintiff's attorney has never kept "time sheets" as such in Social Security disability appeals to the U.S. District Court. Having submitted many EAJA attorney fee applications since approximately 1984, it was learned that similar tasks in these cases require similar amounts of time. Some adjustments were made, such as in the two cases cited above. The attorney hours and fees requested were compared to those in other Seventh Circuit and District Court cases and were kept within the average limits set in those cases. This approach was accepted

1

in *Brown v. Astrue*, 1:11-cv-01000 (S.D. Ind. 2012). As such the times stated for each task was the actual time expended.

Pl.'s Atty.'s Resp. at ¶ 2.

An affidavit supporting a petition for fees pursuant to 28 U.S.C. § 2412, must state "the actual time expended." 28 U.S.C. § 2412(d)(1)(B). Counsel's response establishes that he has not kept records of the time he actually expended on each case. The time set forth in his *sworn* affidavit is not the "actual time expended," but rather reflects an estimation of the time he has spent on "similar" tasks over the years and is kept within the "average" time spent in similar cases in the Seventh Circuit and District Court.

As counsel has been warned before, "it is improper to have a uniform billing time for a certain task." *Walton v. Colvin*, 2013 WL 1438103 (S.D. Ind. Apr. 9, 2013); *see also Williams v. Astrue*, 2011 WL 2532905 (S.D. Ind. 2011). Counsel is also again admonished to keep formal contemporaneous time sheets reflecting the actual time expended on each case for future EAJA fee petitions. *Pickett v. Astrue*, 1:11-cv-160-SEB-DML, No. 32, (S.D. Ind. May 30, 2013).

As the affidavits supporting the fee petitions in these cause numbers do not state the "actual time expended," the Court must **DENY** the fee petitions in the above-captioned causes.

SO ORDERED:    05/31/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.